GRIFFIN, Chief Judge.
Upon review of appellant’s Motion for Rehearing and Clarification of the November 6, 1998 Opinion of this Court, we issue the following corrected opinion. In all other respects, the motion for rehearing is denied.
Solitary, Inc., d/b/a VIP Gold [“Solitary”], appeals a temporary injunction prohibiting it from operating an adult entertainment establishment in Seminole County [“County”]. Although multiple attacks on the order and the County’s adult entertainment licensing ordinance are raised, we find dispositive the lower court’s ruling that the establishment lies within 1,500 feet of other adult entertainment establishments. This is prohibited by the County’s land use code. Appellants contend that the distance was not proved at the injunction hearing. The testimony of a witness to provide this proof was proffered, however, and no objection was raised. The distance was never challenged.
Appellant also contends that because the adult entertainment section of the County’s Land Development Code contains a provision that the ordinance shall not “be construed to regulate or control constitutionally protected expression or speech” and because nude dancing “is constitutionally protected speech,” the “adult entertainment establishments” section of the Land Development Code has no application to them. This argument, though audacious, is a strained interpretation of the provision in question. The limiting language does not mean that adult entertainment establishments are not governed by the land use code because certain of the activities that occur on their premises may be constitutionally protected. It simply means that the land use regulations governing adult entertainment establishments cannot be construed or applied in a way that will interfere with constitutionally protected rights of expression. This is purely a matter of interpretation of the ordinance, which we decide adversely to appellant.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.